IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:11-cv-186-Oc-10GJK

JOHN and MARY COENE,

    Plaintiffs,

v.

BRACHFELD LAW GROUP,

    Defendant.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, JOHN and MARY COENE ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Sumter, and City of The Villages.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, BRACHFELD LAW GROUP, ("Defendant") or ("BLG") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant, via its agent and/or employee "Mark Carlson," in connection with the collection of a debt on behalf of its client, Bank of America, placed telephone calls to Plaintiffs on November 8, 2010 at 4:42 P.M., November 11, 2010 at 5:37 P.M., November 18, 2010 at 9:44 A.M., November 19, 2010 at 9:54 A.M., November 23, 2010 at 5:03 P.M., November 27, 2010 at 12:38 P.M., November 30, 2010 at 8:04 P.M., December 3, 2010 at 12:!3 P.M., December 10, 2010 at 2:58 P.M., December 16, 2010 at 4:01 P.M., December 21, 2010 at 2:59 P.M., December 21, 2010 at 3:19 P.M. and on December 21, 2010 at 3:38 P.M.

12. Defendant's client, Bank of America, had been placed on notice that Plaintiffs were represented by counsel with regard to the account that Defendant was collection, and

Defendant at all times relevant was aware of such representation, leaving a voicemail for Plaintiffs on December 3, 2010 at 12:13 P.M. in which Defendant acknowledges its knowledge that Plaintiffs were represented by counsel. Despite this knowledge, and without having first provided Plaintiffs' attorney sufficient time to respond, Defendant continued to contact Plaintiffs directly.

13. Defendant, via its agent and/or employee "Mike Carlson," contacted Plaintiffs' neighbor, Mike Wolcott, in connection with the collection of an alleged debt, and with actual knowledge that Plaintiffs were represented by counsel with regard to said alleged debt, for purposes other than obtaining location information, and at such time, disclosed to said third party that the Plaintiffs owed an alleged debt.

14. Defendant, via its agent and/or employee "Mike Carlson," placed calls to Plaintiffs' cellular phone on December 21, 2010 at 2:59 P.M. and December 28, 2010 at 7:05 P.M., and in both such instances, left Plaintiffs a voice message in which Defendant failed to notify Plaintiffs that the call was from a debt collector.

15. Defendant, via its agent and/or employee "Mike Carlson," placed a call to Plaintiffs' cell phone on December 22, 2010 at 9:04 A.M. and at such time, failed to identify Defendant's true corporate and/or business name and further failed to notify Plaintiffs that the call was from a debt collector.

16. Defendant, via its agent and/or employee "Mike Carlson," placed a call to Plaintiffs' cell phone on December 22, 2010 at 9:04 A.M. and at such time, stated that Defendant "need[ed]... [Plaintiffs] to contact [Defendant's office immediately, falsely representing a sense of urgency for the purpose of enticing Plaintiffs to contact a debt collector.

17. Defendant placed multiple non-emergency calls to Plaintiffs' cellular telephone, without the prior express consent of Plaintiffs, using an automatic telephone dialing system.

18. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continues to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

19. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 18.

20. Defendant violated 15 U.S.C. §§ 1692b and c(b) by contacting a third party for purposes other than obtaining location information in connection with an attempt to collect an alleged debt from Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b and c(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

21. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 18.

22. Defendant violated 15 U.S.C. §§ 1692b(2) and c(b) by disclosing to a third party the existence of the debt allegedly owed by Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b(2) and c(b);

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

23. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 18.

24. Defendant violated 15 U.S.C. §§ 1692b(6) and c(b) by contacting a third party after learning that Plaintiffs were being represented by counsel with regard to the subject debt, where Defendant had not yet made an attempt to contact Plaintiffs' counsel or had not given Plaintiffs' counsel sufficient time to respond to the initial attempt to communicate with Plaintiffs' counsel.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b(6) and c(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

25. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 18.

26. Defendant violated 15 U.S.C. §§ 1692c(a)(2) by communicating with Plaintiffs directly after learning that Plaintiffs were being represented by counsel, where Defendant had not yet made an attempt to contact Plaintiffs' counsel or had not given Plaintiffs' counsel sufficient time to respond to the initial attempt to communicate with Plaintiffs' counsel, and where Plaintiffs' counsel had not given Defendant permission to contact Plaintiffs directly.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2)

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

27. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 18.

28. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692 (d)(6);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

29. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 18.

30. Defendant violated 15 U.S.C. §1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

31. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 18.

32. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII

33. Plaintiffs repeat and re-allege each and every allegation contained above.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiffs' cellular telephone, without the prior express consent of the Plaintiffs, using an automatic telephone dialing system.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

24. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 30th day of March 2011

Respectfully submitted,
**JOHN and MARY COENE**

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com