UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN AND MARY COENE,

        Plaintiff,

v.                                     Case No.  5:11-cv-186-Oc-10GJK

BRACHFELD LAW GROUP,

        Defendant.
_____

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel Answers to Interrogatories and Requests for Production (Doc. No. 8).  The time provided in Local Rule 3.01(b) within to file a response to the motion has passed and no response has been filed.

This case is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Doc. 1).  The defendant has answered and interposed nine affirmative defenses.  On June 7, 2011, the plaintiffs propounded interrogatories and requests for production to the defendant.  (Doc. 8-1).  The defendant failed to respond to this discovery and on July 29, 2011, counsel for the plaintiffs sent an email to defense counsel demanding answers within ten days.  (Doc. 8-2).  The answers were not forthcoming and on August 19, 2011, plaintiffs' counsel emailed the defendant's lawyer concerning the missing discovery and his availability for a Rule 37 conference.  (Doc. 8-3).  According to the motion, defense counsel responded on August 19, 2011 "assuring Plaintiffs'

counsel that he would soon receive Defendant's discovery responses."[1]  Finally, the motion avers that "undersigned counsel further certifies that a good faith attempt to resolve this matter was made prior to filing the instant motion."

Local Rule 3.01(g) required that before this motion was filed plaintiffs' counsel "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion."  Paragraph 8 of the plaintiffs' motion falls short of the what the Rule requires.  In the future the Court expects strict compliance with the Rule by all counsel.

Responses to the interrogatories and requests for production were due within 30 days after the defendant was served.  Rules 33(b)(2) and 34(b)(2) Fed. R. Civ. P. With respect to the interrogatories "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Rule 33(b)(4). Although Rule 34 does not contain a provision stating that failure to serve timely objections constitutes a waiver of those objections many courts hold that such a waiver is implied.  <u>Covad Communications Co. v. Revonet, Inc.</u>, 258 F.R.D. 17, 25 (D.D..C. 2009).  Federal Rule of Civil Procedure 37(a)(5) states that if the motion to compel is granted this Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in

---

[1] Although the motion states that a copy of this email is attached as Exhibit "D," no such exhibit was filed with the motion.

making the motion, including attorney's fees."  There are three exceptions to this Rule, the first of which is if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."

On this record, the motion to compel is due to be GRANTED and:

1.  Given the defendant's failure to provide any explanation why it has not answered the interrogatories or requests to produce the Court finds that all objections to this discovery with the exception of privilege have been waived.

2.  The defendant shall answer the interrogatories in full and produce all of the requested documents within seven days from the rendition of this Order.  The defendant is also reminded of its continuing duty to supplement its discovery responses as additional information comes to light.

3.  Because the plaintiffs did not explicitly request attorneys' fees and costs in their motion, the Court has concerns about the sufficiency of their compliance with Local Rule 3.01(g) and it is unclear whether a Rule 37 conference every occurred the Court will not award plaintiffs any fees or costs in connection with their motion.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on October 20, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel